UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CHARLES THOMAS,

                Plaintiff,                **MEMORANDUM & ORDER**
                                                            20-CV-4417 (PKC)

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
---------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Charles Thomas brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Acting Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying Plaintiff's claim for Supplemental Security Income ("SSI"). The Commissioner moves to dismiss this Complaint on the ground that it was not timely filed. (Dkt. 10.) Plaintiff has not responded to the motion. For the reasons that follow, the Court grants the Commissioner's motion to dismiss.

## BACKGROUND

Plaintiff applied for SSI on September 16, 2016. (*See* Dkt. 10-2 at ECF[1] 15.) The SSA denied Plaintiff's claim on December 2, 2016, and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) On December 10, 2018, Plaintiff appeared and testified at an administrative hearing before the ALJ. (*Id.*).) By decision dated January 23, 2019, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at ECF 3, 27.) Plaintiff requested that the Appeals Council review the ALJ's decision, and the Appeals

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Council denied Plaintiff's request for review on May 11, 2020. (*Id.* at ECF 3.) The May 11, 2020 Notice stated that if Plaintiff disagreed with the Appeals Council's denial of his request for review, he could commence a civil action within sixty days of the date he received the notice. (*Id.* at ECF 3, 6–7.) The May 11, 2020 Notice further informed Plaintiff that he was presumed to have received the Notice five days after the date on the Notice and that Plaintiff could request an extension of time to file for court review for "a good reason." (*Id.* at ECF 7.) Plaintiff filed this action on September 16, 2020. (Dkt. 1.) On January 22, 2021, the Commissioner moved to dismiss this action as time-barred. (Dkt. 10.)

## DISCUSSION

When the Appeals Council denied Plaintiff's request to review the ALJ's decision on May 11, 2020, the ALJ's opinion became the final decision of the Commissioner, and Plaintiff had sixty days from receipt of the May 11, 2020 Notice to seek judicial review of the Commissioner's determination pursuant to 42 U.S.C. § 405(g).[2] Under SSA regulations, Plaintiff is presumed to have received the notice five days after the date on the notice—here, by May 16, 2020. *See* 20 C.F.R. § 422.210(c); *Montgomery v. Comm'r of Soc. Sec.*, 403 F. Supp. 3d 331, 339 (S.D.N.Y. 2018) (citing 20 C.F.R. § 422.210(c)). These same timing rules also appear in the May 11, 2020 Notice. Plaintiff thus had until July 15, 2020—sixty days from May 16, 2020—to file a civil action seeking review of the Commissioner's final decision. Plaintiff filed his Complaint on September 16, 2020, 63 days after the July 15, 2020 deadline.

---

[2] Section 405(g) states in pertinent part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This appeal remedy is the exclusive means of challenging the Commissioner's "final decision" with respect to a Social Security benefits determination. *See* 42 U.S.C. § 405(h).

The sixty-day time limit "is not jurisdictional, but rather constitutes a period of limitations." *Idlet v. Comm'r of Soc. Sec.*, No. 18-CV-5183 (KAM), 2020 WL 3403108, at *3 (E.D.N.Y. June 19, 2020) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478 (1986)). And because the sixty-day statute of limitations "is a 'condition on the waiver of [the United States'] sovereign immunity,'" it must be strictly construed. *Id.* (quoting *Bowen*, 476 U.S. at 479). Thus, courts routinely dismiss Social Security appeals even when they are filed only a few days past the sixty-day filing deadline. *See, e.g.*, *Ortiz v. Berryhill*, No. 19-CV-171 (LGS) (DF), 2020 WL 4754934, at *8 (S.D.N.Y. July 15, 2020) (dismissing *pro se* complaint filed seven days late), *report and recommendation adopted*, 2020 WL 4750643 (S.D.N.Y. Aug. 17, 2020); *Thomas v. Comm'r of Soc. Sec.*, No. 16-CV-9247(LTS) (KHP), 2017 WL 3475435, at *3 (S.D.N.Y. June 22, 2017) (one day late), *report and recommendation adopted*, 2017 WL 3475064 (S.D.N.Y. Aug. 11, 2017); *Paniagua v. Comm'r of Soc. Sec.*, No. 15-CV-2038 (JCM), 2017 WL 699117, at *3 (S.D.N.Y. Feb. 21, 2017) (24 days late); *Twumwaa v. Colvin*, No. 13-CV-5858 (AT) (JLC), 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (seven days late), *report and recommendation adopted*, Order (S.D.N.Y. July 29, 2014), ECF No. 19. To overcome a failure to timely file, a plaintiff bears the burden of showing that equitable tolling is warranted. *See Bowen*, 476 U.S. at 479–80; *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (citation omitted). A late-filing plaintiff seeking equitable tolling must prove two things: (1) plaintiff "has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

Here, Plaintiff has filed no opposition to Defendant's motion to dismiss the complaint as time-barred, and has offered no explanation or evidence indicating that equitable tolling should apply. The Court, which must strictly construe the deadline, therefore finds dismissal appropriate. *See Bowen*, 476 U.S. at 479.

## CONCLUSION

For the foregoing reasons, Plaintiff's case is dismissed as time-barred. The Clerk of Court is respectfully requested to enter judgment for the Commissioner and to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 23, 2021
      Brooklyn, New York